EMMA L. GREENHALGH, an Infant, etc., Respondent, v. FRANZ MARGGRAF, Appellant.

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Wills.  Conditions.*—Where the testatrix gives to her husband her property to enjoy for life, if he remains single, subject to the condition that he, if he shall re-marry, shall execute to her daughter a bond and mortgage for a certain amount, and upon his death, remainder to her in fee, the husband takes only a life estate, conditioned, in case of re-marriage, on executing the mortgage.

Appeal from judgment of special term in favor of plaintiff by which construction was given to the will of Sophia D. Marggraf, deceased.

*Wm. P. Pickett*, for appellant.

*John McCrone*, for respondent.

DYKMAN, J.—The plaintiff in this action is the only child of Sophia D. Marggraf, deceased, and the defendant was her husband, and the rights of both of the parties are derived from the last will and testament of the deceased mother and wife.

The portion of the will involved in this action reads as follows : " I give, devise and bequeath to my beloved husband, Franz Marggraf, all my property, real and personal, subject to the condition, nevertheless, that he execute a bond and mortgage on my house and lot situate, lying and being on the easterly side of Sixth avenue in the city of Brooklyn, said house is known as house No. 586, to my beloved daughter, Emma L. Marggraf, or her guardian, should she be a minor at the time of my decease.

" The bond and mortgage to be executed by my said husband is to secure the payment of $2,000 to my said daughter, should my said husband marry again, or, if my said daughter is a minor at the time of that event, then the said sum of $2,000 shall be given in trust to her guardian hereinafter appointed, until she has attained the age of twenty-one years, when her guardian shall put her in full possession of the said sum of money.

"It is my will, that if my beloved husband remain single he shall enjoy the benefit of the property given, devised and bequeathed as above for and during his natural life, and from and immediately after his decease I devise and bequeath the said property to my beloved daughter Emma L. Marggraf, and her heirs forever. I nominate and appoint Andreas P. Anderson, of 212 Conover street, Brooklyn, as a guardian for my beloved daughter Emma L. Marggraf. I hereby nominate and appoint my beloved husband, Franz Marggraf, executor of this my last will and testament and revoke all other and former wills made and executed by me."

The will was dated April 13, 1883, the testatrix died June 26, 1887, the defendant re-married August 15, 1888, and the will was proved March 5, 1889.

Upon the trial the plaintiff insisted upon a construction of the will which would terminate the interest of the defendant in the property upon his re-marriage, while the husband insisted that the design of the testatrix was to give him a life estate in the property with remainder to her daughter, the plaintiff, provided the husband remained single, but that in the event of his re-marriage he took the fee upon payment of $2,000 to the daughter.

The court at the trial at special term decided that the true construction of the will gave all the property to the defendant for life, with remainder to the plaintiff, but in the event of the re-marriage of the defendant he took the life estate upon condition that he should execute to the plaintiff a mortgage upon the property for $2,000.

Both parties were dissatisfied with the decision, but the plaintiff acquiesced and the defendant appealed.

We can discover no merit in the appeal, for there is nothing to satisfy us that the testatrix intended to offer a premium to the defendant for his re-marriage by an enlargement of a life estate into a fee in that event to the detriment of her daughter for whom she provided with so much care.

The great question for the defendant is whether his life estate did not depend upon his remaining in celibacy, but as the plaintiff has not appealed we cannot consider that question.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurs; PRATT, J., not sitting.